# Dawkins v. The State.

*Indictment for Carnal Abuse of Female Child.*

1. *Meaning of the term "abuse," in the statute.*—The term "abuse," in the statute (Code of 1876, § 4306), punishing carnal knowledge, or abuse in attempting to have carnal knowledge, of female child under ten years, must be limited in its meaning to injuries to the genital organs, in the attempt at carnal knowledge, falling short of actual penetration ; it was not intended to mean other forcible or wrongful ill usage, such as might support an indictment for an assault with intent to ravish.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. H. D. CLAYTON.

The appellant was indicted for having carnal knowledge of "or abuse in the attempt to carnally know Cora Blackshear, a female under the age of ten years." The defendant was a negro boy about twenty-one years of age, and Cora, a little white girl, aged about seven years. There was no evidence that defendant did have carnal knowledge of said Cora.

The court, among other things, charged the jury that "the word 'abuse' was not synonymous with the word 'injure,' but meant to 'forcibly use wrongfully,'" to which the defendant excepted.

The defendant then asked the court to charge the jury that "if the evidence failed to show that the defendant *injured* Cora Blackshear, in the attempt to have carnal knowledge of her, by bruising, cutting, lacerating, or tearing in or on some part of her person, the defendant could not be convicted of the offense charged in the indictment," which charge the court refused ; and the rulings of the court upon said charges are now assigned as error.

W. D. ROBERTS, for appellant. (No brief came to Reporter.)

J. W. A. SANFORD, Attorney-General, *contra.*—1. In section 3663 of the Rev. Code, two offenses are defined. One is to have carnal knowledge of a female under the age of ten years ; and the other is the "abuse of such female in the attempt to have carnal knowledge of her." For the violation of this section, the accused was properly indicted.—Wade's case, 52 Ala. There was no testimony that proved the first offense, but he was convicted of the second.

2. What is meant in this section by the word "abuse?" The court defined it to mean, "to forcibly use wrongfully." To this definition, the accused excepted. But the definition is too favorable to the prisoner. "Abuse" does not necessarily imply *force*, while it does imply *wrong*. Now, the whole section excludes force as an element of the crimes punished by it.

3. The female may not only have been willing, but may have solicited the illicit intercourse, and the man would, under this section, have been none the less guilty of the offense first mentioned in it. If force be not an ingredient in the consummated offense, it can scarcely be supposed the legislature intended it should be an ingredient in the mere attempt to commit it.

4. Webster, in his dictionary, defines "to abuse" to mean, "to use with bad or improper motives;" "to defile by improper intercourse;" "to maltreat;" "to use ill." In all these significations, force is nowhere involved or implied. Therefore, the accused cannot complain of the definition of the term "abuse," given by the court, because it was an error that did not cause any injury. And for the same reasons the court very properly refused to give the charge asked by the prisoner.

5. Again, the bill of exceptions contains no evidence, and as charges are construed in regard to the evidence, the court can not determine that the court below erred by its refusal. Moreover, the charge was not in writing, and, therefore, the refusal to give it was proper.

BRICKELL, C. J.—The indictment, in the form prescribed, charges that the defendant "did carnally know, or abuse in the attempt to carnally know," a female child under the age of ten years. It is founded on the statute (Code of 1876, § 4306), which reads as follows : "Any person who has carnal knowledge of any female under the age of ten years, or abuses such female in the attempt to have carnal knowledge of her, must, on conviction, be punished, at the discretion of the jury, either by death, or by imprisonment in the penitentiary for life, or by hard labor for the county for life." The Circuit Court was of opinion, and so instructed the jury, that the word *abuse*, as found in the statute, was not the synonym of *injure*, but signified *to forcibly use wrongfully*. The correctness of the instruction is the only matter presented for consideration.

Rape, as defined by Blackstone, is "the carnal knowledge of a woman forcibly and against her will."—4 Black. 210. A better definition, Mr. Bishop suggests, is, "rape is the

[Dawkins v. The State.]

having of unlawful carnal knowledge by a man of a woman, forcibly, where she does not consent."—1 Bish. Cr. Law, § 1115. A distinct offense, though punished with like severity, was the carnal knowledge and abuse of a female child under the age of ten years. Force, overcoming the resistance of the woman, if she was not an idiot, or subdued by fraud, or rendered unconscious by the administration of drugs, medicines, intoxicating drinks, or other substances, was an indispensable element of the offense of rape. The consent of the woman, yielded at any time before the act of penetration was complete, relieved the offense of its felonious character. Of the latter offense, the carnal abuse of female children, under ten years of age, the wrongful act involved all the force which was a necessary element of the crime; and the consent, or non-consent of the child, was immaterial. The English statute of 18 Eliz. c. 7, directed against the offense, is substantially as follows : " That if any person shall unlawfully and carnally know and abuse any woman child under the age of ten years, every such unlawful and carnal knowledge shall be felony, and the offender thereof, being duly convicted, shall suffer as a felon without allowance of clergy." The present statute, 24 and 25 Vict. c. 100, § 50, employs the terms " carnally know and abuse any girl under the age of ten years."—Bish. Stat. Crimes, § 489. In this country, statutes have been enacted in nearly all, if not all, of the States, punishing the offense, and generally describing it, as in the English statutes, by the words " unlawfully and carnally know and abuse any woman child under the age of ten years." Several of these statutes are to be found in 2 Whart. Am. Cr. Law, §§ 1124, 1132. It is perhaps true, as suggested by Mr. Bishop, that in these statutes, *carnally know*, includes in its meaning all that is signified by the word *abuse*.

There cannot be sexual connection between a male capable of committing rape, and a female child, under ten years of age, without injury to the private parts of the child.— Wharton & Dille's Medical Juris. § 432. The statutes to which we have referred are directed against the complete offense—when there is something more than mere outward contact of the genital organs—something which may be called penetration.—Bish. Stat. Crimes, § 494. The offense, then, includes, of necessity, physical injury to the child, and it is this injury the term *abuse* includes, though it is included also in the words *carnally know*. Our statute differs from these statutes, and is unlike any to which we have access. It is directed, not only against the offense itself, when complete, but against attempts to commit it, if in the attempt there is *abuse* of the child. Without any contact of the genital or-

gans—without anything which may be called penetration—there may be injury to the child's sexual organs. It is said that often the chief injury to the child results from the use of the fingers of the male. There have been cases in which, without the contact which would constitute the complete, offense, bodily harm has been inflicted by cutting the private parts of the child. An injury to these parts, in the attempt at carnal knowledge, is the *abuse* to which the statute refers, and not to forcible or wrongful ill usage, which would be an element of the offense of an assault with intent to ravish the child. *Abuse* is stated by Webster to be the synonym of *injure*, and in its largest sense signifies ill use or improper treatment of another. Its proper signification must be ascertained by reference to the subject matter or the context, and the meaning of the words with which it is associated. In this statute, intended for the punishment of deflowering female children, it must be limited in signification by the words with which it is connected referring to the same subject matter. The instruction given by the Circuit Court would render the attempt to know carnally and abuse of the child, the equivalent of an assault with intent to ravish, a distinct offense, subject to a different punishment under another statute.—Code of 1876, § 4314. Rape, and its kindred offenses, are the subject of several different statutory provisions, and the punishment for each offense is distinctly described. No one of these statutes embraces the offense which is included in another. The result is, the instruction of the Circuit Court is erroneous, and the judgment must be reversed and the cause remanded; the prisoner will remain in custody until discharged by due course of law.

