# Toulet *v*. The State.

*Indictment for Assault with Intent to Rape.*

1. *Assault with intent to rape; indictment.*—An indictment, charging that the defendant assaulted "Mamie Riley, a girl under the age of ten years, with intent to carnally know her" can not be supported under § 3739 of the Code.

VOL. C.

[Toulet v. The State.]

2. *Same; ingredients of offense under Code, § 3739.*—Under section 3739, Code 1886, neither violence used or threatened, nor the consent of the female *vel non,* is a material ingredient of the offense.

3. *Same.*—Although a child under ten years of age is incapable of giving her consent to cohabitation, yet, if the act done, or attempted, be not against consent, and is unaccompanied with violence, actual or constructive, the offense is not an assault to commit rape within § 3751 of the Code, but falls within § 3739 of the Code.

4. *Same ; Code § 3751; sufficiency of proof.*—Where the defendant employed persuasion to induce a girl to do an immodest or improper act, but there was no evidence that he used violence, force or threats, and his acts did not clearly and unmistakably indicate a purpose to cohabit with her at all events and regardless of opposition from her, the proof is insufficient to justify its submission to the jury under an indictment charging an assault with intent to ravish.

5. *Same; case at bar.*—On an indictment under Criminal Code, 1886, § 3751, which provides that any person who commits an assault on another with intent to ravish must be punished, &c., evidence that defendant took a girl under ten years of age by the hand, and led her into the woods, and laid her down, indicates no intent to ravish, and is insufficient to go to the jury.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The defendant entered a house where a colored girl of eight years of age was, alone, with a baby she was attending for her mother. Defendant took the baby from the girl, laid it on the bed, and then spoke to the girl in obscene terms. He then took her by the hand, led her into the woods and after taking off part of her under clothing, laid her on the ground and sat near her. He again spoke to her in improper and obscene language. While defendant was so talking to the girl, the latter was crying, and while so situated the mother of the girl called to her, when the defendant immediately ran off. There was no evidence of threats, violence, or of abuse of or injury to the girls person.

The following charges requested by the defendant in writing, were refused by the court and the exceptions of the defendant to the refusal of the court to give these charges are the only questions reserved for revision in this court.

1. "That under the evidence in this case the jury can not find the defendant guilty."

2. "The court charges the jury that if they believe the evidence they ought to find the prisoner not guilty of an assault with intent to rape."

3. "If it is barely probable from the evidence that the defendant did not intend to carnally know her, or to rape her, the jury ought to acquit the defendant."

The indictment against the defendant contains three counts, which, without the caption, are as follows :

[Toulet v. The State.]

"The grand jury of said county charge that, before the finding of this indictment, Louis Toullee, alias Louis Toulet, did assault Mamie Riley, a woman, with intent forcibly to ravish her.

And the said grand jury do further charge that, before the finding of this indictment, Louis ———— whose true surname is to this grand jury unknown, did assault Mamie Riley, a woman, with intent forcibly to ravish her.

And the said grand jury do further charge that, before the finding of this indictment, Louis Toulet, alias Louis Toullee, who is unknown to this grand jury by any other name, did assault Mamie Riley, a girl under the age of ten years, with the intent to carnally know her against the peace and dignity of the State of Alabama." .

W. S. REESE, JR., and S. BROWN, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The third count of the indictment in this case charges that the defendant assaulted "Mamie Riley, a girl under the age of ten years, with the intent to carnally know her." It contains no averment that the defendant succeeded in having carnal knowledge of her, or that he abused her in an attempt to have such carnal knowledge. Our statute bearing on the question which may be supposed to have given rise to this count is section 3739 of the Code of 1886, and is in the following words: "Any person who has carnal knowledge of any female under ten years of age, or abuses such female in the attempt to have carnal knowledge of her, must, on conviction, be punished by death, or by imprisonment in the penitentiary for life." The count is wholly insufficient under this section of the Code. We may be pardoned for saying, in passing, that when the indictment is under this section of the Code, neither violence used or threatened, nor the consent of the female, vel non, is a material ingredient of the offense. A child under ten years of age is incapable of giving consent, as this section clearly treats the subject. Moreover, the proof entirely failed to establish such case. He neither had carnal knowledge of the child, nor did he abuse or injure her in any attempt to have such carnal knowledge.

Section 3736 of the Code declares the punishment for rape to be the death penalty, or life imprisonment in the penitentiary. Section 3737 defines what is sufficient proof

[Toulet v. The State.]

of the consummation of the act to constitute rape, the other essentials being shown.

The first and second counts of the indictment contain the charge under which defendant was convicted. They are framed under section 3751 of the Code, which declares that "Any person who commits an assault on another, with intent to . . . ravish . . . must, on conviction, be punished by imprisonment in the penitentiary for not less than two, nor more than twenty years." The indictment conforms to the form prescribed by the Code—No. 13. The sole question is, whether there was testimony sufficient to go to the jury on the inquiry whether in the assault the testimony tends to prove the defendant made, he intended to commit the crime of rape. The defendant requested the court to charge the jury, "That under the evidence in this case, the jury can not find the defendant guilty of assault with intent to rape." This charge was asked in writing, was refused by the court, and defendant excepted.

Although a child under ten years of age is incapable of giving her consent to cohabitation, and, as a consequence, any cohabitation, or attempted cohabitation with such a child must be treated as if it were perpetrated, or attempted without her legal consent, yet, we do not think it was the intention of the law-making power to constitute the same a rape, in the absence of force or violence in the act done, or attempt made. In other words, if the act done or attempted be not against consent, that is, be not accomplished, or attempted against consent, and with violence, actual or constructive, then the case falls within section 3739 of the Code, and must be governed by its provisions. It is not an assault with intent to commit a rape under section 3751 of the Code. Our statute, section 3739 of the Code, was evidently intended to take the place and cover the ground of English statutes which have long been of force, and have been many times construed. It has been uniformly held that if the girl consents, even though she be under ten years of age, the act is not a rape. It is only a statutory crime—a felony or misdemeanor—as the statute may prescribe.—*The Queen v. Read and others*, 1 Denison, 385 ; *Id. v. Martin*, 9 C. & P. 213 ; *Id. v. Mehegan*, 7 Cox C. L. Cases, 145 ; *Id. v. Johnson*, Leigh & Cave, C. C. 632 ; *Id. v. Beale*, 1 Crown C. Reserved, 10 ; 4 Blackst. Com. marg: p. 257. The authorities on this question, however, are not entirely uniform. See 19 Amer. & Eng. Encyc. of Law, 948–9. But the question of consent is not the turning point in this case.

There can be no question, if the testimony of the little

[Toulet v. The State.]

girl, Mamie Riley, be believed, that the defendant committed an assault upon her. Taking her by the hand and leading her into the woods, laying her down, &c., constituted an assault. The attendant circumstances must determine its aggravation, or the contrary. The graver inquiry is, had he the intent to commit a rape upon her, and was there any evidence of such intent? "Without force, actual or constructive, there can be no rape. It must be shown that the prisoner intended to gratify his passion at all events, and notwithstanding the utmost resistance on the part of the woman. The force used must be sufficient to accomplish his purpose, but need not be such as to create a reasonable apprehension of death. If the woman submits from terror, or the dread of greater violence caused by threats, the intimidation becomes equivalent to force."—19 Am. & Eng. Encyc. of Law, 950.

In the case of *Charles v. State*, 6 English (Ark.), 389, the defendant was indicted and convicted of an assault with intent to ravish a young girl within the age of puberty. The girl was sleeping on a bed, spread out on the floor, in company with other young girls. We will state what took place in the language of the witness: "There were two doors to the room. About four o'clock next morning I was awakened by some one who took hold of my shoulder and tried to turn me over. I was lying with my face to my bed-mates. The person made an effort to get over me; I threw my hand over the person, and found him to be a man partly undressed. I found the portion of the undressed person to be that portion of which I can not decently speak. I then raised the alarm and called for help. . . . When the person took hold of my person it was not in a rough, but rude manner. In attempting to turn me over, the person took hold of my knee—when he attempted to get over me and do violence." It will be noted that if this testimony be believed, it presented a strong case of intention to cohabit with the young girl. In commenting on it, the court said: "The question now to be determined is, whether admitting all these facts to be fully proven, he is guilty of the offense charged against him. In the case of *Rex v. Williams* (32 Eng. C. L. R. 524); it was held that in order to find a prisoner guilty of an assault with intent to commit rape, the jury must be satisfied that the prisoner, when he laid hold of the prosecutrix, not only desired to gratify his passions upon her person, but that he intended to do so at all events, and notwithstanding any resistance on her part. . . . It is certain that the accused in this case used no force, nor is it probable, from

[Toulet v. The State.]

all the surrounding circumstances, that the idea of force entered into his original design; and in case his intention was to effect his purpose while she was asleep, the authority cited shows that he is not guilty of the offense charged against him. We do not think that the testimony evinced that settled purpose to use force, and to act in disregard of the will of the prosecutrix, which the law contemplates as essential to constitute the crime." It was added, "We are satisfied from a full view of the whole case, that the judgment of the Circuit Court was erroneous, and that it ought to be reversed." The effect of the ruling was, that there was no testimony to submit to the jury on the inquiry of intent to ravish the prosecutrix, because there was no testimony of any attempt, or intent, to employ violence or force to accomplish his object.

In *Sanford v. State*, 12 Tex. Ct. of App., 196, it was decided that "A conviction of assault with intent to commit rape by force is not warranted by proof that the defendant, against the will of the female, indecently fondled her person with the intent to induce her thereby to submit to his embrace. It must appear that his intent was to accomplish his purpose by force and against her will." The intended victim in that case was a child twelve years old, and the liberties taken with her person were much greater than were taken in the case we have in hand. The facts were held to be insufficient to uphold the conviction.

In *State v. Massey*, 86 N. C., 658, a trial for assault with intent to commit rape, "it appeared that the prosecutrix while going from her home to her mother-in-law's about a mile distant, was carrying with her a child in a baby carriage and accompanied by a boy six years of age. Soon after passing defendant's house, she heard defendant (who was about seventy-five yards off) say, "halt, I intend to ride in the carriage. If you don't halt, I'll kill you when I get hold of you." She ran and called for her mother-in-law, defendant running after her and telling her to stop, until she got to the gate, where she met another woman to whom she related the matter. Held that the evidence is not sufficient to warrant a conviction of the intent charged." See also *Rex v. Lloyd*, 32 Eng. Com. Law Rep., 523; *Rex. v. Nichol*, Eng. C. C. (Russ. & Ry.), 130; *Com. v. Fields*, 4 Leigh, 648.

In the case we have in hand the accused employed persuasion to induce the little girl to do an immodest and improper act, while there was no testimony of violence, force or threats, used or made by him. If there was any intention on his part to cohabit with her, it is left to inference, as

his acts, though indecent and improper, did not clearly and unmistakably indicate such purpose. Neither by word nor act of his is it shown that if such was his desire, his purpose was to accomplish it at all events, regardless of opposition from her. We hold there was no evidence of an intent to ravish, which justified the submission of its sufficiency to the jury. The general charge asked for by defendant ought to have been given.

The third charge asked by defendant is identical with a charge asked and refused in *Carpenter v. The State*, 98 Ala., 31. We held the court did not err in refusing that charge. It is obviously obscure, difficult to be understood and calculated to confuse, if not mislead the jury. It was rightly refused.

The judgment of the City Court is reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.

Reversed and remanded.