# Castleberry *v*. The State.

*Indictment for Carnal Knowledge or Abuse of Female Child.*

1. *Evidence; sufficiency of objection.*—Upon the cross-examination of a defendant in a criminal case, the question "Have you ever been convicted of any crime?" is not subject to the general objection by the defendant of being incompetent; and the court does not err in overruling such objection. The defendant in making the objection should point out the specific ground wherein the question asked is illegal and incompetent.

2. *Witness; when child shown to be competent.*—A girl eight years old, upon whom the offense of carnal knowledge or abuse in the attempt to carnally know has been committed, is competent to testify as a witness, when, on her examination *voir dire,* she shows an intelligent comprehension of an oath in the belief that falsehood is wrong and that she will be sent to hell for telling a lie.

3. *Indictment for carnal knowledge or abuse of female child.*—The term "abuse" in the statute, (Code, §. 5447) punishing carnal knowledge, or abuse in attempting to have carnal knowledge, of female child under fourteen years, must be limited in its meaning to injuries to or the hurting of the genital organs, in the attempt at carnal knowledge, falling short of actual penetration; it was not intended to mean other forcible or wrongful ill usage, such as might support an indictment for an assault with intent to ravish.

4. *Indictment for carnal knowledge or abuse of female child; charge of court to jury.*—Under an indictment charging the carnal knowledge of or abuse in the attempt to carnally know a girl under ten years of age, where there is evidence tending to show that the defendant was guilty of abusing or hurting the girl within the meaning of the statute, a charge is erroneous and properly refused at the request of defendant which instructs the jury that "before they can find the defendant guilty as charged, they must believe that the defendant injured the sexual organs' of Dollie Bradley and the mere hurting of the sexual parts is not sufficient."

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, Ed Castleberry, was tried and convicted under an indictment charging him with the carnal knowledge of, or abuse in the attempt to carnally know, a negro girl under the age of ten years; and was sentenced to the penitentiay for ten years.

The evidence in the case necessary to an understanding of the decision on the present appeal, is sufficiently stated in the opinion.

Upon the introduction of Doolie Bradley, the negro girl whom the defendant is charged with having carnally known or abused in the attempt to carnally know, she was examined upon her *voir dire*. In this examination she testified that she was eight years old. In answer to the question who made her, she answered, God; and upon being asked what would become of her if she told a lie, she answered: "I would go to hell." The witness further testified that she went to church and Sunday School. The defendant objected to the examination of said witness upon the ground of her incompetency by reason of her tender years. The court overruled the objection, and defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that before they can find the defendant guilty as charged, they must believe that the defendant injured the sexual organs of Doolie Bradley, and the mere hurting of the sexual parts is not sufficient." (2.) "The court charges the jury that if they believe from the evidence that the defendant did not have carnal knowledge of Doolie Bradley and did not injure the sexual organs of the said Doolie Bradley by bruising, cutting, lacerating or tearing the same, they should acquit the defendant." (3.) "The court charges the jury that there is no evidence that the defendant had carnal knowledge of Doolie Bradley, and they should be satisfied beyond a reasonable doubt that injury was inflicted upon the sexual organs of Doolie Bradley by the defendant in attempting to have carnal knowledge of her by bruising, cutting, lacerating or

tearing her sexual organs, and unless they are satisfied of this beyond a reasonable doubt, they should acquit the defendant." (4.) "The court charges the jury that if they believe the evidence, they must find the defendant not guilty." (5.) "The court charges the jury that if the evidence fails to show that the defendant injured Doolie Bradley in the attempt to have carnal knowledge of her, by bruising, cutting, lacerating or tearing in or on her private parts, the defendant cannot be convicted of the offense charged in the indictment." (6.) "The court charges the jury that if the evidence fails to show that the defendant injured Doolie Bradley in the attempt to have carnal knowledge of her, by bruising, cutting, lacerating or tearing in or on some of her person, the defendant cannot be convicted of the offense charged in the indictment." (7.) "The court charges the jury that if from the evidence they find that the defendant did not have carnal knowledge of Doolie Bradley and did not injure the private parts of Doolie Bradley in the attempt to have carnal knowledge of her by cutting, bruising, lacerating or tearing her private parts, they should acquit the defendant." (8.) "The court charges the jury that under the evidence they should find the defendant not guilty." (9.) "The court charges the jury that if the evidence fails to show that the defendant injured Doolie Bradley in the attempt to have carnal knowledge of her, by bruising, cutting, lacerating or tearing her sexual organs, the defendant cannot be convicted of the offense charged in the indictment." (10.) "The court charges the jury that the that the phrase, 'abuse in the attempt to carnally know Doolie Bradley' as used in the indictment in this case, means nothing more nor less than injury to the private parts of Doolie Bradley by bruising, cutting, lacerating or tearing the same, and if there is not sufficient evidence to convince the jury beyond a reasonable doubt that such injury was inflicted on Doolie Bradley by the defendant in his attempt to carnally know her, they should acquit the defendant." (11.) "The court charges the jury that the phrase 'abuses such female in the attempt to have carnal knowledge of her,' as used in the

[Castleberry v. The State.]

statute under which the indictment is drawn, means nothing more nor less than actual injury to the sexual organs by cutting, lacerating, bruising or tearing the same, and if they do not believe beyond a reasonable doubt that there was actual injury to the sexual organs of Doolie Bradley by the defendant in his attempt to have carnal knowledge of her, by bruising, cutting, lacerating or tearing her sexual organs, they should acquit the defendant." (12.) "The court charges the jury that the 'abuse' to which the statute refers is the injury to the sexual organs of the child with whom the alleged attempt to have carnal knowledge is charged, by bruising, cutting, lacerating or tearing the same.

W. C. CRUMPTON, for appellant, cited *Dawkins v. State,* 58 Ala. 376; *Carter v. State,* 63 Ala. 54; *Beason v. State,* 72 Ala. 191.

CHAS. G. BROWN, Attorney-General, for the State.

HARALSON, J.—1. The defendant was asked by the solicitor on his cross-examination, "Have you ever been convicted of any crime?" which question was objected to by the defendant as being incompetent. The court overruled the objection, and the witness answered, that he had been convicted for fighting. The question asked was not subject to the general objection made to it; for, while it was capable of eliciting evidence for conviction of an offense which, under the statute, did not go to the competency or credibility of the witness, it was also capable of eliciting evidence which did go to his competency or credibility. The objection to the question, therefore, should have been specific, limiting the inquiry to evidence of an offense of the latter class.—Code, § 1795; *Coghill v. Kennedy,* 119 Ala. 641, 662.

2. There was no error in allowing the witness, Doolie Bradley, upon whom the offense was alleged to have been committed, to be sworn and examined as a witness, on account of her tender years. She testified that she was eight years old, and on her examination, under the direction of the court, she exhibited such a degree of intelligence and understanding of the nature of an oath,

that the court ruled she was competent, and in this, there does not appear there was an abuse of its discretion in such a case.—*Carter v. State,* 63 Ala. 52; *Beason v. State,* 72 Ala. 191; *McGuff v. State,* 88 Ala. 147.

3. It is settled, that the word "abuse" in the statute (Code, § 5447), punishing carnal knowledge, or abuse in attempting to have carnal knowledge of any female under fourteen years of age, must be limited in its meaning to injuries to the genital or sexual organs, and that an injury to these parts, in the attempt at carnal knowledge, is the only *abuse* to which the statute refers, and not to other forcible or wrongful ill usage which would be an element of the offense of an assault with intent to ravish or other assault, subject to different punishment under other statutes.—*Dawkins v. State,* 58 Ala. 376.

4. There was no evidence on the part of the State that the girl was abused by defendant in the statutory sense, and on his part, that he was not guilty of attempting to have carnal knowledge of her, and did not abuse her in any respect. There was, therefore, no room for the general charge as requested by defendant. Charge 1 was properly refused. The word "hurting," as employed in the charge, may include abuse of the sexual parts.

The other charges requested by defendant each sought to prohibit a conviction except when it was shown that the private parts of the child were bruised, cut, lacerated or torn; but the mere hurting of the private parts, short of either of these conditions, may constitute abuse within the meaning of the statute. For this reason the charges were properly refused.

Affirmed.