# Hutto *v.* The State.

## *Rape.*

(Decided July 6, 1910.   Rehearing denied Dec. 22, 1910.
53 South. 809.)

1. *Rape; Elements of Offense.*—Where there is no penetration of or injury to the sexual organs of the child there can be no conviction of carnally knowing or abusing in an attempt to carnally know a child under twelve years of age.

2. *Indictment and Information; Greater Includes Less; Degree.*—Under section 7315, Code 1907, an indictment charging carnal knowledge of a female under the age of consent, though there are no degrees of such offense, contains within it a charge of assault or assault and battery.

3. *Same; Attempt.*—Under sections 6311 and 7315, Code 1907, one charged with carnally knowing a female under the age of consent may be convicted of an attempt to commit the offense.

APPEAL from Henry Circuit Court.

Heard before Hon. W. L. LEE, Special Judge.

Under an indictment charging Ely Hutto with carnally knowing a female under the age of consent, he was convicted of an attempt to commit the offense and he appeals.   Affirmed.

H. L. MARTIN and J. A. ADAMS, for appellant.   The defendant cannot, under the evidence be guilty   as charged.—*Dawkins v. The State,* 58 Ala. 378; 135 Ala. 28; 55 Ala. 264; *Toulet v. The State,* 100 Ala. 72.

ALEXANDER M. GARBER, Attorney General, for the State.

SAYRE, J.—Appellant was tried and convicted under an indictment which charged that he did carnally know, or abuse in the attempt to carnally know, a girl under the age of 12 years. The evidence showed without conflict that there had been nothing more than the external contact of the sexual organ of the defendant with the private parts of the child—there had been no penetration. Nor had there been any abuse, as that statutory term has been defined by this court (*Dawkins v. State,* 58 Ala. 376, 29 Am. Rep. 754)—no physical injury to the child's sexual organs. Under this evidence there could be no conviction of the offense charged. In an attempt to assert this proposition, as it seems, the defendant requested the court to instruct the jury that, if they believed the evidence, they would find the defendant not guilty. It is argued that the court's refusal was error.

The indictment in one alternative charged that the defendant did carnally know the child. Section 7315 of the Code of 1907 provides that, "when the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged." In *Bolling v. State,* 98 Ala. 80, 12 South. 782, the court, speaking through Stone, C. J., held that under an indictment for larceny from a storehouse, then a felony by statute without regard to the value of the property stolen, the defendant might be properly convicted of petit larceny. In *Stone v. State,* 115 Ala. 121, 22 South. 275, the defendant was indicted for larceny from the person, also a felony under the statute of that

date without regard to the value of the property. The court held that the defendant could not be convicted of the petit larceny, overruling *Bolling v. State.* The court quoted so much of section 4482 of the Code of 1886, now section 7315 of the Code of 1907, as provided that, where one is indicted for an offense of which there are different degrees, the defendant might be convicted of any degree of the offense inferior thereto, and held that a conviction for petit larceny was unlawful, because the offense created by the statute was single and indivisible, involving in it no lower grade of offense, and because proof of petit larceny not from the person, under an indictment charging larceny from the person, would involve a variance.

It appears to us that an indictment charging carnal knowledge of a female under the age of consent, notwithstanding that is a statutory offense of which there are no degrees, contains within it a charge of assault, and assault and battery, and that proof thereof would involve no variance. To take an indecent liberty with the person of a female without her consent is to commit an assault at the common law. What would amount to an assault, because done without her consent in the case of a female capable of consent, must be an assault in any case, because a child under the statutory age is deemed to be incapable of consent. Such an act must, in contemplation of law, be considered as having been done without her consent. We think, therefore, that under this indictment and the evidence the defendant might have been convicted of an assault, or an assault and battery. But if, in deference to the decision in *Stone's Case,* it be conceded that the contrary be true, still it is to be noted that nothing was said in that case concerning a conviction for an attempt under the indictment there.

An indictment charging carnal knowledge of a female under the age of consent charges also an attempt to carnally know; for the accomplished offense would necessarily include every element of an abortive attempt. Now section 7315 of the Code and the recently added section 6311, both declare that upon the trial of an indictment for any offense there may be a conviction for an attempt to commit the offense. The defendant, under the evidence, might have been properly convicted of an attempt. A close analogy is afforded by the case of *Benbow v. State,* 128 Ala. 1, 29 South. 553. But the charge requested would have concluded the jury against a conviction of any offense—herein differing from the charge considered in the opinion in *Toulet v. State,* 100 Ala. 72, 14 South. 403, and was for that reason properly refused.—*Richardson v. State,* 54 Ala. 158.

No error cognizable in this court is shown by the record, and the judgment of conviction must be affirmed.—*Hubbard v. State,* 72 Ala. 164.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, ˥J., concur.