(106 So. 895)
## BROWNING v. STATE. (1 Div. 647.)

(Court of Appeals of Alabama. Nov. 24, 1925. Rehearing Denied Jan. 12, 1926.)

I. Rape ⬧15—Injury to genital organs is essential element in abuse, in attempt at carnal knowledge.

Injury to genital organs is an essential element of the offense of abusing a child under the age of consent, in an attempt to have carnal knowledge of her.

2. Rape ⬧15—No question for jury as to abuse with intent to have carnal knowledge of child.

In prosecution for abusing a child, in attempt to· have carnal knowledge of her, evidence showing that only injury to her genital organs was a venereal disease, and that accused had no such disease, *held* to entitle accused to general charge.

**3. Indictment and information ⬅191(8)—Assault and battery not embraced in charge of abusing child, in attempt to have carnal knowledge.**

The crime of assault and battery is not embraced in an indictment for abusing a child under the age of consent, in attempt to have carnal knowledge of her; force or violence not being element of crime of carnal knowledge.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

John Browning was convicted of an offense, and he appeals. Reversed and remanded.

F. K. Hale, Jr., and McMillan & Grove, all of Mobile, for appellant.

There was no evidence to sustain the charge, and defendant was due the affirmative charge. The evidence was sufficient to sustain the verdict, and the affirmative charge was properly refused. Pellum v. State, 89 Ala. 28, 8 So. 83; Dawkins v. State, 58 Ala. 376, 29 Am. Rep. 754.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

SAMFORD, J. Defendant was convicted on a charge of abusing a child under the age of consent, in an attempt to have carnal knowledge of her.

This record reeks with the sordid details of a crime alleged to have been committed among those who constitute what is called "the underworld." The mother and aunt of the child alleged to have been injured are prostitutes and the keepers of houses where immoral practices are freely carried on. The aunt, a witness for the state, was a former intimate of defendant and had just been "beat up" by defendant, for which he had undergone prosecution for assault and battery instituted by her. At the trial of the defendant on the present charge the animus of the aunt still existed and was evident.

The child, a girl of seven, according to the state's evidence, was taken behind a house, near a street, where defendant removed her "bloomers," lay upon his back on the ground, pulled her over on him and placed his private organ against the privates of the child. There was no evidence of an effort to make an entrance, no injury to the genital parts of the child other than that, from one to five days after the alleged occurrence, it was discovered that the child had, in some manner, contracted a venereal disease. At the time the child was examined by the doctor the parts were inflamed from the disease, which the doctor testified had been in progress from three to ten days. The doctor further testified that the disease was what is known as a germ disease and could be contracted in various ways; by contact with a male who was infected with it, by contact with a toilet or with soiled clothing upon which was the germ. The undisputed evidence was that the defendant was not, at the time of the alleged offense, infected with the disease from which the child was suffering.

On the trial the state did not insist that there had been any carnal knowledge of the child, but did insist that there had been an abuse in an attempt to carnally know.

[1, 2] An injury to the private parts of the child, in an attempt at carnal knowledge, is the "abuse" to which the statute refers, and not to forcible or wrongful ill-usage, which would be an element of the offense of an assault with intent to ravish. It is held in this state that in order to constitute the offense there must be an injury to the genital organs. Dawkins v. State, 58 Ala. 376, 29 Am. Rep. 754; Miller v. State, 16 Ala. App. 534, 79 So. 314. In this case there was no such injury disclosed by the evidence, unless the defendant, in an attempt to carnally know the child, communicated to her the venereal disease from which she was found to be suffering. As to this, the affirmative evidence was to the effect that such disease might have been contracted in either of several ways not connected with the defendant; and the evidence for defendant, which was not in any way contradicted, was that he did not, at the time, have such venereal disease or any other. If this was so, the defendant could not have communicated the disease to the child, and, there being no evidence of other injury to the genital organs of the girl, the defendant was entitled to the general charge, and the court should have given this charge as requested.

[3] The defendant might, under the evidence, have been convicted of an assault and battery, had he been so charged; but, force or violence not being an element of the crime of carnal knowledge, the crime of assault and battery is not embraced in the indictment in the case at bar. Toulet v. State, 100 Ala. 72, 14 So. 403.

It is not necessary to pass upon the other rulings of the court below.

For the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes