170 So. 349

## BALDWIN v. STATE.

### 7 Div. 215.

Court of Appeals of Alabama.
June 30, 1936.

Rehearing Denied Oct. 6, 1936.

L. H. Ellis, of Columbiana, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was tried under an indictment which, omitting formal parts, charged him in the following language, to wit: "Rudolph Baldwin, whose true name is to the grand jury unknown otherwise than as stated, did carnally know, or abuse in the attempt to carnally know Ada Winslett, alias Billie Winslett, whose true name is to the grand jury unknown otherwise than as stated, a girl under the age of twelve."

The verdict of the jury was: "We the jury find the defendant guilty *as charged of carnal knowledge* and fix his punishment at ten years in the penitentiary of the State of Alabama." (Italics ours.) The words *"as charged of carnal knowledge"* were entirely unnecessary, and may be disregarded as surplusage. Chappell v. State, 19 Ala.App. 648, 100 So. 75. This disposes of *one* of the major criticisms urged—for the first time, *here*—by appellant's distinguished counsel against the verdict of the jury.

As for the other of said criticisms (we believe there were but two), it is only necessary that we remark that we read the verdict as being amply definite to the effect that appellant's punishment was by the same fixed at *imprisonment* in the penitentiary of the state for the term of ten years. But even if we should be in error as to this, there was in the court below no objection to the verdict of the jury, nor the action of the court in sentencing the defendant thereon; nor was there a motion to set the verdict aside. In this situation there is nothing in the charge in question before us for review. Morrissette v. State, 16 Ala.App. 32, 75 So. 177, certiorari denied. Ex parte Morrissette, 200 Ala. 488, 76 So. 430.

We are persuaded that no good purpose could be served by a discussion of the revolting evidence in the case. We are clear to the conclusion that it was sufficient to warrant the refusal of the general affirmative charge requested by appellant. Ex parte Grimmett, 228 Ala. 1, 152 So. 263.

Whatever may be the technical propriety or impropriety of the trial court's action in admitting over appellant's objection testimony as to the condition of the *ground* at the place where the offense was claimed to have been committed, we are convinced that, as the issues were framed, such had no effect whatsoever upon the outcome of the trial. It bore on no contested issue; and was perhaps admissible as a part of the *res gestae* of what even the appellant admitted occurred.

The girl in question was but eight years of age; and appellant's counsel sums the matter up this wise: "By taking a simple common sense view of the situation it is clearly apparent that the defendant had no intent to ravish this child or to have carnal knowledge of her but—all that the evidence tends to show is that there was some improper treatment at his hands."

But, by a reference to Underhill's Criminal Evidence (4th Ed.) § 674, p. 1271, where we think the law is correctly stated, *we* are impressed, and hold, that the jury could, as they did, find that this "improper treatment"—so designated by appellant's counsel—constituted the crime charged.

We find no reversible error to have been anywhere committed in the proceedings, and the judgment is affirmed.

Affirmed.