186 So. 589

### MONTGOMERY v. STATE.

#### 6 Div. 295.

Court of Appeals of Alabama.
Jan. 10, 1939.

Rehearing Denied Feb. 7, 1939.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael and Thos. S. Lawson, Attys. Gen., and Clarence M. Small and Wm. H. Loeb, Asst. Attys. Gen., and Geo. Lewis Bailes, Sol., and J. Edw. Thornton, Dep. Sol., both of Birmingham, for the State.

SAMFORD, Judge.

The indictment charged that the defendant did carnally know, or abuse in the attempt to carnally know Pat Daily, a girl under the age of twelve years.

On the trial the Judge charged the Jury that under the evidence there could be no conviction for the crime of rape, but he submitted to thèm the question as to whether or not there was an abuse in the attempt to carnally know the child.

The prosecution in this case was brought under Section 5410 of the Code of 1923, which provides that: "Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, must, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years."

The court having charged that there was no evidence in the case which would authorize a conviction of a completed act, we are only concerned with the charge that the defendant abused such girl in the attempt to have carnal knowledge of her.

In the case of Hutto v. State, 169 Ala. 19, 20, 53 So. 809, 810, it was said by Sayre, Judge, speaking for the Court: "The evidence showed without conflict that there had been nothing more than the external contaċt of the sexual organ of the defendant with the private parts of the child—there had been no penetration. Nor had there been any abuse, as that statutory term has been defined by this court (Dawkins v. State, 58 Ala. 376, 29 Am.Rep. 754) —no physical injury to the child's sexual organs. Under this evidence there could be no conviction of the offense charged."

In the instant case there is not the slightest evidence tending to show that there was any injury to the child, even if it be conceded that the actions of the defendant at the time testified to by the children e'videnced a lecherous mind resulting in conduct which merits the strongest moral condemnations of all decent people.

Moreover, taken in its strongest implication, there was no evidence of any attempt on the part of the defendant to ravish the child. That he fondled her; that he put his hand on her private parts, and that he exposed his own person, without more, would be far from an attempt to commit the crime, when all of the evidence disclosed that he desisted of his own volition, and without the slightest resistance either from the child or from surrounding circumstances. Miller v. State, 16 Ala. App. 534, 79 So. 314; Browning v. State, 21 Ala.App. 209, 106 So. 895.

To sustain a conviction in this case, there must be an attempt to carnally know the child and an injury to its private parts, and these things must be proven beyond a reasonable doubt. As we see this evidence, there is not sufficient testimony to warrant a Jury in finding, first, that there was an attempt to carnally know the child, and, even passing this question, the testimony is affirmative that no injury took place. The child said there was no hurting. There was no evidence of an investigation by adults, either by the mother, the Aunt, or by any physician; although there was ample opportunity to have done so.

There was, however, testimony from which the Jury could find that the defendant was guilty of an assault, which is in line with the decision in the Hutto Case, supra, where the Supreme Court said: "To take an indecent liberty with the person of a female without her consent is to commit an assault at the common law." The child in the instant case, being under the age of consent, indecent liberties taken with her person would be an assault, which offense is included in the indictment preferred in this case. Hutto v. State, supra; People v. Dowell, 136 Mich. 306, 99 N.W. 23 and People v. Courier, 79 Mich. 366, 44 N.W. 571.

While we hold that there is no evidence in this case to sustain a conviction under the Statute of an abuse of the child in an attempt to have carnal knowledge of her, if indecent liberties are taken, even without the intent to have sexual intercourse, it is punishable as an assault, and as the lesser crimes are included within the greater, the accused may be convicted of a simple assault.

We are cited by the appellee to our case of Baldwin v. State, 27 Ala.App. 259, 170 So. 349, as being an authority to sustain the conviction in this case. But, the facts in that case, in all of its vulgar details, evidenced an attempt to have carnal knowledge of a child under twelve years of age; and while there appeared no physical injury to the child, there was evidence from which the Jury could conclude that

the unlawful assault there charged was an attempt to have carnal knowledge of the girl and, in the opinion of the Court, abuse, such as is necessary to sustain a conviction, actually took place. In the instant case evidence tending to prove a common law assault is present, but it, also, affirmatively appears that no effort was made at an attempt to have carnal knowledge of the child such as appeared in the Baldwin Case, supra. In any event the law as published in the Baldwin Case, supra, is properly stated; and, the conclusion of fact, if somewhat strained, does not affect the law.

■ As was said by Grant, Judge, in the case of People v. Dowell, 136 Mich. 306-310, 99 N.W. 23, 24: "In cases of this kind it is the duty of the court to carefully instruct the jury as to the distinction between improper liberties with the attempt to have sexual intercourse and improper liberties without such intent."

■ The Court in his. general charge to the Jury used these words: "The mere hurting of the private parts of the child is an abuse within the meaning of the law applicable to this case." This ruling is sustained by the decision of the case of Castleberry v. State, 135 Ala. 24, 33 So. 431. But, in the instant case there was no evidence that the child was hurt, or in any way injured. There were three little girls in the car with defendant at the time of the alleged crime; each of them testified that the defendant fondled them and put his hand on their private parts, and one of these little girls testified that in doing so the defendant hurt her with his finger. This testimony was objected to by the defendant, but being considered a part of the res gestae, the objection was properly overruled. This testimony would not justify the court in including in his general charge an assumption that the girl in the instant case had been hurt. In view of this evidence, and the very delicate nature of the trial, such a charge, being abstract and misleading, would certainly be injurious to the rights of the defendant.

■ In view of what has been said, it follows that the several charges requested, in writing, by the defendant were properly refused; in that, each called for an acquittal of the entire charge embraced in the indictment; whereas, there was evidence to sustain a charge of an assault. But, as we have seen, the evidence in the case does not sustain or warrant a conviction of an abuse of the child in an attempt to have carnal knowledge. For this reason, and on account of the error of the trial court in charging the Jury, as above set out, the motion for a new trial should have been granted.

For this error, the judgment is reversed and the cause is remanded.

Reversed and remanded.

### On Rehearing.

■ We have read with much interest the brief of the State on its application for rehearing in this case. It may be that "the fact of sex aberrations in present day society," as is referred to in appellee's brief, would call for action by the Legislature; but, as the law is now, the abuse condemned by Section 5410 of the Code of 1923 contemplates a physical abuse of the genital or sexual organs. In passing upon this question, the Supreme Court in Castleberry v. State, 135 Ala. 24-28, 33 So. 431, 433, has this to say: "It is settled, that the word 'abuse' in the statute (Code, § 5447), punishing carnal knowledge, or abuse in attempting to have carnal knowledge of any female under fourteen years of age, must be limited in its meaning to injuries to the genital or sexual organs, and that an injury to these parts, in the attempt at carnal knowledge, is the only abuse to which the statute refers, and not to other forcible or wrongful ill usage, which would be an element of the offense of an assault with intent to ravish or other assault, subject to different punishment under other statutes. Dawkins v. State, 58 Ala. 376, 29 Am.Rep. 754." Burton v. State, 8 Ala.App. 295, 62 So. 394; Miller v. State, 16 Ala.App. 534, 79 So. 314; Browning v. State, 21 Ala. App. 209, 106 So. 895.

In the instant case there is no sufficient evidence of any abuse to the genital or sexual organs of the little girl that would justify a conviction of the felony charge.

In Browning v. State, 21 Ala.App. 209, 106 So. 895, we did hold that [page 896] "force or violence not being an element of the crime of carnal knowledge, the crime of assault and battery is not embraced in the indictment in the case at bar. Toulet v. State, 100 Ala. 72, 14 So. 403."

In the instant case we have held that the indictment is sufficient to sustain a conviction of common law assault. This we do upon authority of Hutto v. State, 169

446

Ala. 19, 53 So. 809, and other authorities cited in the original opinion.

In the Hutto Case, supra, Mr. Justice Sayre, writing the opinion for the Court, said [page 810]: "It appears to us that an indictment charging carnal knowledge of a female under the age of consent, notwithstanding that is a statutory offense of which there are no degrees, contains within it a charge of assault, and assault and battery, and that proof thereof would involve no variance. To take an indecent liberty with the person of a female without her consent is to commit an assault at the common law. What would amount to an assault, because done without her consent in the case of a female capable of consent, must be an assault in any case, because a child under the statutory age is deemed to be incapable of consent. Such an act must, in contemplation of law, be considered as having been done without her consent. We think, therefore, that under this indictment and the evidence the defendant might have been convicted of an assault, or an assault and battery."

In the original opinion we pointed out and quoted from the case of People v. Dowell, 136 Mich. 306–310, 99 N.W. 23, the duty of the Judge in such cases; and we, here and now, overrule that part of the opinion in Browning v. State, 21 Ala. App. 209, 210, 106 So. 895, wherein we there held that the crime of assault and assault and battery was not embraced in the indictment in that case.

The opinion is extended, and the application for rehearing is overruled.