20 So.2d 865

**CRAZE v. STATE.**

8 Div. 438.

Court of Appeals of Alabama.
March 13, 1945.

42

Proctor & Snodgrass, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of assault and battery, this appeal was taken.

The indictment charged a felony, in that, he "did carnally know, or abuse in the attempt to carnally know (naming the alleged injured party) a girl over twelve and under sixteen years of age," etc.

Earnest counsel for appellant makes the principal insistence, that because the jury found the defendant guilty of only the misdemeanor, and not the felony as charged, this manifested the fact the jury did not believe the testimony of the girl in question and because of this, its verdict was contrary to the law and the evidence and he was therefore entitled to a new trial, which the trial judge overruled.

This insistence is untenable and cannot be sustained. The evidence adduced upon the trial was in sharp conflict, and under the law it was within the province of the jury to return the verdict it did. Section 323, Title 15, Code of Alabama, 1940. Hutto v. State, 169 Ala. 19, 53 So. 809; Montgomery v. State, 28 Ala.App. 442, 186 So. 589.

The further insistence to the effect that there were two separate and distinct occurrences disclosed by the testimony is likewise without merit. The offense complained of was a continuous transaction and as such all the testimony in this connection was of the res gestae and therefore relevant.

As to the further insistence that the defendant was entitled to a new trial because of the insufficiency of the evidence, we need only say we think from the testimony in this case the defendant was extremely fortunate in having been convicted of the misdemeanor only.

There was no semblance of error upon the trial of this case. A further discussion is not deemed necessary.

The record being regular in all respects, let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.