142 So.2d 915

**Alto HUGGINS, alias**

**v.**

**STATE.**

**4 Div. 447.**

Court of Appeals of Alabama.

Feb. 13, 1962.

Rehearing Denied March 13, 1962.

Boswell & Smith, Geneva, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

CATES, Judge.

This is Huggins's second appeal and is from a judgment on a verdict of guilty of abusing a six-year-old girl in an attempt to know her carnally. His punishment was fixed at twenty years in the penitentiary.

The facts can be stated substantially as those given by Coleman, J., in Huggins v. State, 271 Ala. 428, 123 So.2d 911, except:

(1) "and then 'it was damp'; that appellant then let the girl get up and helped her put on her pedal pushers"; (271 Ala. 430, second column, 123 So.2d 912, first column) does not follow from the evidence on the instant trial;

(2) all references in the opinion based on testimony of Huggins must be deleted here since he did not take the stand on his second trial; and

(3) there is no testimony by the girl's mother of the details of her complaining.

The physician on cross-examination stated he was of the opinion it was not "physically possible for a man to have sexual intercourse with Patricia Ann Parker."

The offense is statutory; Code 1940, T. 14, § 398, reads:

"Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years."

Applicable here is the second aspect,[1] viz., abuses such girl in an attempt to carnally know her.

The trial judge refused the following charges requested by defense counsel:

"1–A. The Court charges you that if you believe the evidence in this case

---

1. The trial judge charged carnal knowledge out under the evidence. He also informed the jury that assault and assault and battery were lesser included offenses. Turner v. State, ante, p. 310, 131 So.2d 428.

you cannot convict the defendant for an abuse of Patricia Ann Parker in the attempt to have carnal knowledge of her.

"11. Gentlemen, I charge you that unless you are satisfied from the evidence beyond a reasonable doubt. that the defendant intended to have sexual intercourse with Patricia Ann Parker at the time and place as testified by her, and that he could and would have accomplished his intent and desire, but for some extraneous interference that prevented him from completing such intercourse, you cannot convict him of an abuse in the attempt to carnally know Patricia Ann Parker as charged in the Indictment in this case.

"20. I charge you, Gentlemen of the Jury, that although you may believe from the evidence that the defendant intended to have sexual intercourse with Patricia Ann Parker at the time and place testify by her, but that he abandoned such intent and voluntarily released her and permitted her to leave him and go home without any extraneous interference with [h]is actions you cannot convict him of an abuse in the attempt to carnally know her. (Bracketed letter supplied.)

"21. The Court charges you that if you are satisfied from the evidence that because of the age or size of Patricia Ann Parker or for any other reason it was physically impossible for the defendant to have sexual intercourse with her at the time and place testified by her, you cannot convict him of an abuse in the attempt to carnally know her as charged in the Indictment in this case."

Appellant's counsel have argued that attempt to commit a crime is not given us by any general rule. Then we are advised that an attempt contemplates an act directed to a goal within the realm of possibility, that is, leading to the inchoate crime toward which the ineffectual act points.

Subsuming to this premise the small size of the vagina of the girl child assaulted, we are then told, since penetration itself was impossible, there could not have been an attempt at penetration. Hence, in the circumstances, there could have been no abuse in the course of trying to have carnal knowledge.

Huggins argues the evidence fails to make out a prima facie case because the girl was presumptively incapable of being penetrated and, therefore, his acts, while lustful, were a gratificatory end in themselves. No question of the indecent liberty Act (No. 397, Sept. 9, 1955) is presented.[2]

██ Attempt to commit a crime (particularly within the scope of Code 1940, T. 14, § 42) [3] requires (1) intent for the deed essayed, and (2) an act in furtherance of the intended end. Jackson v. State, 91 Ala. 55, 8 So. 773. The *mens rea* must be that needed to commit the would be crime. The requisite *actus reus* need only be, indeed can only be, some deed short of consummation, e. g., falling short or wide of the goal.

█ Needless to say remote preparatory acts not reasonably in the chain of causation do not make out a case of attempt.

█ Requested charges 11 and 21, wherein frustration is posited on "extraneous interference" or "physical impossibility," find some support in the discussion of attempts (as distinct crimes) in 22 C.J.S. Criminal Law §§ 74, 75(1)–(3) and 77— though there is one significant limitation in

2. See similar statute construed in connection with a charge of assault with intent to carnal knowledge. Younger v. United States, 105 U.S.App.D.C. 51, 263 F.2d 735. Hutto v. State, 169 Ala. 19, 53 So. 809, holds indecent liberty is a simple assault and battery. Turner v. State, supra.

3. This section reads: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

the last section.[4] As to charge 20 on the effect of abandonment, we consider the language is misleading for vagueness: the point of abandonment was given only in general terms. See 22 C.J.S. Criminal Law § 76. We hold that the trial judge correctly refused charges 1A, 11, 20 and 21.

We consider that "attempt" within the meaning of § 398, supra, is not to be construed so as to make possibility of carnal knowledge an ingredient of the offense of abuse under that section.

A statute using a term must be regarded in the light of its context. The forerunner of this enactment goes back to 1576. iv. Bl.Com. 212; Toulet v. State, 100 Ala. 72, 14 So. 403. Our wording, "or abuses such girl in the attempt," significantly differs from that used in Stat. 18 Eliz. I, c. 7, § 10, "carnally know and abuse."

In Dawkins v. State, 58 Ala. 376, 29 Am.Rep. 754, "abuse" in this statute was held to be an injury to the girl's genital parts resulting from an attempt at carnal knowledge. Producing a "hurt" in such an attempt has been considered enough. In so hurting her, the man may be as guilty if he uses his hand as he would if he should use his penis. Castleberry v. State, 135 Ala. 24, 33 So. 431.[5]

Thus, in Lee v. State, 246 Ala. 69, 18 So. 2d 706, reversed on another point (where the man put his hand on the girl's private parts and a physician testified that a finger had entered the vagina and injured the hymen), the court characterized the evidence as sufficient to support the verdict.

In Baldwin v. State, 27 Ala.App. 259, 170 So. 349, this court, per Rice, J., said:

"The girl in question was but eight years of age; and appellant's counsel sums the matter up this wise: 'By taking a simple common sense view of the situation it is clearly apparent that the defendant had no intent to ravish this child or to have carnal knowledge of her but—all that the evidence tends to show is that there was some improper treatment at his hands.'

" * * * we are impressed, and hold, that the jury could, as they did, find that this 'improper treatment'—so designated by appellant's counsel—constituted the crime charged."

The bill of exceptions there shows the evidence of Baldwin's "improper treatment" was analogous to that by Huggins in the instant case.

It is clear that, in this crime, the Legislature has said that if the State proves the man abused the girl's genitalia, then the intent with which he did the act is to be determined by the jury from the circumstances surrounding what he did. It might be that subjectively Huggins had no thought of perpetrating a penetration of the girl's vagina, having deluded himself with some fantasy in which he sublimated his desire into a substitute act of *frottement,* i. e., a mere licentious and onanistic rubbing. Yet we believe our statute as construed encompasses as an attempt the doing of an overt act from which intent to have carnal knowledge (as a condition of mind) could reasonably be inferred. Impossibility of having carnal knowledge of the girl does not, as a matter of law, prevent a man from feloniously so trying.

We have carefully read the entire record as required by Code 1940, T. 15, § 389; and consider the judgment below should be

Affirmed.

---

4. "On the other hand, since the defense of impossibility has been held to mean a legal impossibility, it is not necessary that the crime be factually possible, nor is it necessary that there be a present ability to complete the crime. * * *" 22 C.J.S. Criminal Law § 77, citing inter alia People v. Camodeca, 52 Cal.2d 142, 338 P.2d 903, per Traynor, J.

5. The manuscript opinion in Castleberry agrees with that set forth in the Southern Reporter. Hence, the word "no," ¶ 4, 135 Ala. 28 (17th line from top of page) should be omitted. See rule in Harper v. State, ante, p. 188, 126 So.2d 232.