L. P. WAID, Circuit Judge.
The appellant Dorothy Nell Jenkins, a woman, was convicted of the crime of carnal knowledge of a girl under the age of twelve years, and received the minimum sentence of ten years imprisonment.
The State’s evidence showed that appellant’s husband had had sexual intercourse with the girl several times; and that on the first occasion of such intercourse, the appellant had assisted by putting vaseline in the girl’s private parts, putting a pillow behind her back and holding her legs apart.
The appellant, who was represented by competent appointed counsel, denied any participation in the act, although admitting *73 she knew her husband had had sex with the girl one time.
The Court allowed the State to read into the evidence part of a statement in the nature of a confession made and signed by appellant. The Court first determined the admissibility of this statement, outside the presence of the jury, by the testimony of Mrs. Henley of the Montgomery Police Department. The State’s evidence showed that appellant was advised of her constitutional rights and given the “Miranda” warnings; that no promises, threats or other pressures were used; and that appellant stated she understood her rights and wanted to make the statement.
At the trial, appellant testified that she was scared at the time and that she signed because Mrs. Henley told her if she signed the statement her husband could get her out of jail. Mrs. Henley and another officer denied that any such statement was made.
A motion for continuance and a motion for a new trial were overruled. This is an indigent appeal, with the trial attorney appointed to represent appellant on appeal.
I
Before the trial began, the appellant made a motion for a continuance based on unfavorable publicity in the papers and over the local television and radio stations. This publicity was connected with the trial and conviction of her husband during the preceding week, with the charges against the appellant being referred to. Although the record shows that copies of these articles and a summary of the broadcasts were introduced into evidence solely for the motion for continuance, they do not appear in the record. However, they are set out, in part at least, in appellant’s brief. A careful study of these statements and articles shows that they only state what appellant stood accused of—a fact of which the jury would be informed before the trial began.
From both briefs it appears that during the interrogation of the jurors by the trial court only six members of the venire had heard of the case against appellant and that all six answered that they could render a fair,- just and impartial verdict.
From the record and briefs, this Court cannot find that the trial court abused its discretion in refusing a continuance, or that any prejudice resulted to appellant by the denial of a continuance. The trial court has discretion on the question of continuance or postponement, and such discretion will not be revised in the absence of clear abuse of discretion. Jordan v. State, 56 Ala.App. 55, 318 So.2d 793.
II
Appellant also contends the Court committed reversible error by the denial of the following charge:
“If the State should fail to prove to each and every one of you beyond a reasonable doubt, that the Defendant was attempting to carnally know * * * but does prove beyond a reasonable doubt that the Defendant did assault her, then I charge you that you should find the Defendant guilty of assault and battery.”
The evidence for the State showed that the act of carnal knowledge was completed by appellant’s husband with her help. The defendant denied any participation. The case was submitted to the jury on the theory that defendant was guilty of carnal knowledge or nothing. In the cases of Hutto v. State, 169 Ala. 19, 53 So. 809, and Montgomery v. State, 28 Ala.App. 442, 186 So. 589, relied upon by appellant, there was neither penetration of or abuse or injury to the "girl’s private parts. A review of the evidence in this case discloses no reasonable theory on which the jury could have convicted the defendant of assault and battery and the refusal of the charge was not error. Fish v. State, 56 Ala.App. 151, 320 So.2d 84.
III
Appellant contends that the admission of the statement made by her was error on the ground that the voluntary nature of the statement was not shown. The trial court determined that the confession *74 was voluntarily made. The facts and circumstances surrounding the taking of the statement, and the conflict in the testimony, were all before the jury, and made the weight and credibility to be given to the confession a question for the jury. Jones v. State, 292 Ala. 126, 290 So.2d 165; Sheppard v. State, 49 Ala.App. 674, 275 So.2d 353. Where the trial court finds on conflicting testimony that a confession was voluntarily made, such finding will not be disturbed on appeal unless the appellate court is convinced that it is palpably contrary to the weight of the evidence. Bass v. State, 55 Ala.App. 5, 312 So.2d 576.
IV
Appellant contends the trial court committed error in overruling the motion for a new trial. This contention is based on the three previously assigned errors which appellant contends denied her a fair and impartial trial.
A decision on motion for new trial rests largely within the sound discretion of the trial court and, in reviewing that decision, the Court of Criminal Appeals will indulge every presumption in favor of the correctness thereof, Green v. State, 56 Ala. App. 229, 320 So.2d 742.
CONCLUSION
We have carefully searched the record for error injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed.
However, it appears that the case must be remanded to the trial court for proper sentencing.
The trial court correctly instructed the jury that they “must” set the punishment. Title 14, Section 398, Code of Alabama 1958. The verdict of the jury was: “We, the jury, find the Defendant guilty as charged and recommend the minimum sentence of ten years imprisonment in the penitentiary.” No question is raised as to the sufficiency of this verdict, either at the time it was received, on the motion for a new trial, or on this appeal.
The foregoing opinion was prepared by Hon. L. P. WAID, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED. REMANDED FOR COMPLIANCE WITH TITLE 14, SECTION 398, CODE OF ALABAMA 1940.
All the Judges concur.