(84 South. 403)

DE BARDELEBEN v. SELLERS.
(5 Div. 294.)

(Court of Appeals of Alabama. Nov. 25, 1919.)

1. FIRES ⬦⟶7—COMPLAINT IN ACTION FOR BURNING COTTON HELD NOT INSUFFICIENT AS FAILING TO SHOW DUTY RESTING ON DEFENDANT.

In an action for damages for the destruction of cotton by fire communicated from a fire intentionally started by defendant, a complaint for a stated sum as "damages for willfully and intentionally burning and destroying 17 bales of cotton at the value of $1,000, the property of plaintiff," held not insufficient as failing to show a relation between plaintiff and defendant giving rise to a duty by defendant to plaintiff, defendant owing it to all persons not to destroy valuable property willfully or intentionally.

2. EVIDENCE ⬦⟶100—CIRCUMSTANTIAL EVIDENCE ADMISSIBLE TO SHOW CONSPIRACY AND FRAUD.

Rules of evidence as to the admissibility of testimony are much more liberal as to proof of conspiracy and frauds, which, being easily conceived and carried out in secret, must of necessity be proved by circumstantial evidence.

3. APPEAL AND ERROR ⬦⟶1050(3)—PROOF OF UNNECESSARY MATTERS OF COMMON KNOWLEDGE HELD NOT PREJUDICIAL.

In an action for burning cotton caused by defendant intentionally burning his own prop-

erty to secure the insurance, it was not error to allow proofs, although unnecessary, that wells usually contain more water in February and during the spring months than in other seasons, and that the time of the fire was not the dry season; it being a matter of common knowledge, proof of which was without injury.

4. EVIDENCE ⊚═171 — COLLATERAL PAROL EVIDENCE AS TO INSURANCE ON DEFENDANT'S BUILDINGS DESTROYED HELD ADMISSIBLE IN ACTION FOR BURNING OF PLAINTIFF'S COTTON.

In an action for damages for burning cotton alleged to have been caused by defendant intentionally burning his own property to obtain the insurance, parol proof as to insurance on the buildings destroyed was admissible; strict rulings as to primary and secondary evidence not being enforced where the evidence offered is collateral merely.

5. FIRES ⊚═7—EVIDENCE OF TRANSACTIONS BETWEEN COCONSPIRATORS ADMISSIBLE TO SHOW CONSPIRACY.

In an action for destruction of cotton by fire alleged to have been started by defendant intentionally to obtain insurance, evidence as to transactions between defendant and a coconspirator near the time of the fire held admissible as circumstances at least in corroboration of the direct testimony tending to show conspiracy.

6. FIRES ⊚═7—EVIDENCE THAT DEFENDANT'S CONSPIRATOR HAD BEEN INDICTED HELD ADMISSIBLE.

In an action for destruction of cotton by fire alleged to have been set to obtain insurance, evidence that defendant's alleged conspirator had been indicted for burning the building in question held admissible.

7. FIRES ⊚═7 — FINANCIAL CONDITION OF CONSPIRATORS AT THE TIME OF FIRE HELD ADMISSIBLE IN ACTION FOR BURNING COTTON.

In an action for destruction of cotton by fire alleged to have been set by defendant to obtain insurance, the financial condition of the conspirators at the time of the fire held admissible.

8. CONSPIRACY ⊚═13—CONSPIRATORS LIABLE FOR ACTS OF COCONSPIRATORS.

Each conspirator is answerable for the acts of each and all of his coconspirators if the acts be in furtherance of the conspiracy, or the matter direct and proximate result of such conspiracy.

9. WITNESSES ⊚═414(1)—EVIDENCE HELD ADMISSIBLE IN CORROBORATION ON IMPEACHMENT.

In an action for destruction of cotton by fire alleged to have been set by defendant intentionally to secure insurance, evidence identifying a trunk and contents as property of a witness who was also a conspirator, there being evidence that this witness was hired by other conspirators in furtherance of the conspiracy, held admissible to corroborate witness' evidence when impeached.

10. FIRES ⊚═7—EVIDENCE IN CORROBORATION OF CONSPIRACY HELD ADMISSIBLE.

In an action for destruction of plaintiff's cotton by fire alleged to have been intentionally set by defendant to secure insurance, proof of the value of the building destroyed, and that its contents had been removed shortly before the fire, held admissible in corroboration of testimony as to conspiracy.

11. FIRES ⊚═7 — EVIDENCE THAT BUILDING BURNED HAD BEEN CONVEYED UNDER CONVEYANCE WITH FICTITIOUS DATES HELD COMPETENT.

In an action for destruction of plaintiff's cotton by fire alleged to have been set by defendant to secure the insurance, evidence that defendant had conveyed his house shortly before, and that the conveyance showed fictitious dates, both as to the time of execution and acknowledgment, held admissible.

12. FIRES ⊚═7—INSTRUCTION IN ACTION FOR CONSPIRACY TO BURN BUILDING HELD PROPERLY REFUSED AS MISLEADING.

In an action for destruction of plaintiff's cotton by fire intentionally set by defendant in own building to secure the insurance, an instruction that, if the evidence failed to satisfy the jury that the cotton was willfully or intentionally or negligently "burned by defendant," they could not find for plaintiff, was properly refused as being misleading in instructing the jury that defendant must have personally burned and destroyed the property.

13. FIRES ⊚═7—INSTRUCTION IN ACTION FOR DAMAGES BY FIRE HELD PROPERLY REFUSED.

In an action for destruction of plaintiff's cotton by fire alleged to have been set by defendant to burn own building to secure the insurance, an instruction for defendant, if the jury was not satisfied that the cotton was "willfully or intentionally or negligently" burned by defendant, was properly refused as requiring proof that the fire must have been willfully, intentionally, and negligently set.

14. NEW TRIAL ⊚═44(1) — THAT JURORS BOARD WITH PLAINTIFF'S WITNESS HELD INSUFFICIENT TO JUSTIFY SETTING ASIDE VERDICT FOR PLAINTIFF.

In an action for destruction of cotton by fire alleged to have been caused by a conspiracy, that one of the jurors while serving on the jury boarded with one of plaintiff's witnesses, who was active in plaintiff's behalf, held not sufficient to justify setting aside the verdict.

Appeal from Circuit Court, Elmore County; A. B. Foster, Judge.

Action by Mrs. Martha Sellers against E. L. De Bardeleben for damages for destruction of her cotton by fire. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleadings sufficiently appear from the opinion. It seems from the evidence Mrs. Sellers had 17 bales of cotton stored in a warehouse just across the street from the De

Bardeleben residence; that the residence burned, and the fire was communicated to the warehouse, destroying the cotton. There was evidence tending to show a conspiracy between one Jowers and De Bardeleben to burn the house for the insurance; Louise Moulton, testifying that she poured oil on the house at the instance of Mr. De Bardeleben, and that Mr. Jowers set fire to the oil. The other facts sufficiently appear.

Hill, Hill, Whiting & Thomas, of Montgomery, and J. M. Holley, of Wetumpka, for appellant.

The court erred in overruling demurrers to count 2. 171 Ala. 251, 55 South. 170; 3 Ind. App. 132, 28 N. E. 327; 13 R. I. 152; 57 Vt. 46; 38 Mich. 714. On these authorities, the court erred in overruling demurrers to the other count. The court erred in admitting evidence of the insurance policy. 39 South. 776; 196 Ala. 327, 71 South. 404; 197 Ala. 596, 73 South. 99; 57 Ala. 78; 71 Ala. 371. The financial condition of Jowers was immaterial. 1 Ala. App. 501, 56 South. 270; 113 Ala. 102, 21 South. 404. Jowers' indictment was immaterial. Section 4008, Code 1907; 72 Ala. 194; 140 Ala. 29, 36 South. 1009. Written charge D should have been given. 148 Ala. 115, 42 South. 1024; 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389. The motion for a new trial should have been granted. 169 Ala. 548, 53 South. 803; 196 Ala. 327, 71 South. 404; 152 Ala. 554, 44 South. 702; 139 Ala. 144, 36 South. 718.

Smoot & Mullins and Frank W. Lull, all of Wetumpka, for appellee.
No brief came to the Reporter.

MERRITT, J. Appellee sued appellant to recover damages for destruction and loss of 17 bales of cotton. The loss or destruction is alleged to have been caused by the burning of the cotton; allegations being that the defendant willfully, intentionally, or negligently burned or destroyed cotton of plaintiff to her damage in the sum of $1,000.

The complaint consisted of seven counts, each claiming damage for the loss of the same cotton, each varying slightly in form and substance from the others. Some charge the burning on the part of defendant to have been willfully and intentionally, and some that it was done negligently. The defendant demurred to each of the counts. Demurrer was sustained as to counts 3 and 7, and overruled as to counts 1, 2, 4, 5, and 6. The trial was had on pleas of the general issue to each of the counts, to which the demurrer was overruled, and resulted in verdict and judgment for the plaintiff, from which judgment defendant prosecutes this appeal. There was no error in overruling the demurrer to any one of the counts. Each sufficiently stated a cause of action and was not subject to any ground of demurrer interposed thereto. Count 2, against which most of the argument of counsel is directed, therefore is typical of all the others, and is in words and figures as follows:

"The plaintiff further claims of the defendant the other and further sum of $1,000 as damages for willfully and intentionally burning and destroying 17 bales of cotton of the value of $1,000, the property of the plaintiff, on, to wit, the 8th day of March, 1915."

[1] It is insisted by appellant that this count fails to show the relation existing between the plaintiff and defendant, and fails to aver any facts which show a duty owing by the defendant to the plaintiff. The complete answer to this contention is that every man owes every other man (including women) the duty not to burn or destroy the cotton or valuable property of the latter and especially not to burn it willfully or intentionally, as the defendant is alleged to have destroyed the property of the plaintiff. The authority cited by appellant in support of his contentions have no application to counts like the one in question, where duty breached is universal between all men. If the facts stated in any one of these counts be true, the plaintiff is entitled to recover. If there be any special defense other than the denial of facts alleged, such defense could be set up as special pleas, which was not attempted in this case.

What is said above as to count 2 is appropriate to each of the other counts as to which the demurrer was overruled.

[2, 3] There are almost innumerable assignments of error, most of which go to rulings as to the admission of evidence. It would consume too much space in the opinion and would serve no good purpose to discuss each objection and exception separate. We therefore group them and discuss them as groups, which is done in brief of counsel. There are two fundamental principles underlying the rules of evidence in cases like this which render much of the evidence admissible which is not admissible in ordinary suits of negligence. One of these rules is that there was proof of a conspiracy between the defendant and other parties to burn certain buildings, which, if consummated, would necessarily result in the burning or destruction of plaintiff's cotton. The other was that there was evidence tending to show a fraudulent scheme on the part of defendant and one of his coconspirators to defraud the insurance company which had insured the property which was burned. While there was no evidence to show a direct conspiracy to injure or defraud this plaintiff, the evidence indisputably showed that, if the

conspiracy and fraud was consummated, it would proximately, if not necessarily, result in the burning or destruction of plaintiff's property. The theory of plaintiff was, and there was evidence to support it, that the defendant and one Jowers conspired to defraud the insurance company by burning certain property insured by the insurance company, and if this conspiracy and fraud was consummated it would result in the destruction of plaintiff's cotton, and would have, of course, rendered each of the conspirators liable to her in damages therefor. It is a well-settled principle of law that the rules of evidence as to the admissibility of testimony is much more liberal and not so restricted as to prove conspiracies and frauds. This, for the reason that conspiracies and fraud are easily conceived and carried out in secret, must of necessity be proved by circumstantial evidence; hence the rules must be more liberal in such cases. There was no error in allowing proof that wells usually contain more water in February and during the spring months than in other seasons; that this was not the dry season of the year. Considering without deciding that this was error, it was without possible injury to the defendant. Moreover, this was a matter of common knowledge, and proof of common knowledge is without injury, though it be unnecessary to offer such proof.

[4-7] There was likewise no error in the admission of parol proof as to the insurance on the buildings destroyed. Strict rulings as to primary and secondary evidence is not enforced where the evidence offered is collateral merely, and when not directly or intimately connected with the issues on trial which was true as to the insurance policies and contracts on this trial. 3 Mayfield's Digest, p. 462, and authorities there cited. If there was evidence tending to show that one Jowers was a coconspirator with the defendant, evidence to show transaction between the defendant and Jowers and their relation and dealings at and near the time of the fire was admissible as circumstances at least in corroboration of the direct testimony tending to show the conspiracy between the two. For this reason there was no error in permitting the witness Smoot to testify as he did in the case, which testimony related to transactions as to which the defendant and Jowers had some connection and relations, and we are not prepared to say it was wholly irrelevant and inadmissible. Harmon v. State, 166 Ala. 28, 52 South. 348; Fergusson v. State, 149 Ala. 21, 43 South. 16. For the same reason it was competent to prove that Jowers was indicted by the grand jury of Elmore county for burning the buildings in question. It is also permissible to prove the financial condition of the conspirators at or about the time of the fire.

[8] It is well-settled law that each conspirator is answerable for the acts of each and all of his coconspirators if the acts be in furtherance of the conspiracy or the matter direct and proximate result of such conspiracy.

[9] There was no error in allowing the witness Tate to identify a trunk and its contents, the property of one of the witnesses in the case, who was also one of the coconspirators; in other words, there was evidence that this witness was hired by the other two conspirators in furtherance of the conspiracy. Such evidence was admissible to corroborate the testimony of this witness whose testimony was sought to be impeached by the defendant.

[10] There was no error in allowing proof as to the value of the defendant's dwelling and the contents thereof before at and near the time of the burning, nor in the admission of evidence that some of the furniture or contents had been removed shortly before the fire. These were circumstances to be considered by the jury in corroboration of other testimony as to conspiracy.

[11] It was competent to show that the defendant had conveyed his house shortly before it was burned, and that the conveyance showed fictitious dates both as to the time of execution and acknowledgment.

There was no error in declining to exclude the remarks of counsel or the trial judge as to the amount of insurance or circumstances in connection with the insurance and the fire. There was evidence and inferences therefrom to justify the remarks.

We find no error in the refusal of any of the requested charges. There was ample evidence to carry the case to the jury on each of the counts as to which the court declined to give the affirmative charge in favor of the defendant. Charge D was properly refused because of misleading tendencies. This charge was as follows:

"The court charges the jury that, if the evidence fails to reasonably satisfy them that the cotton was willfully or intentionally or negligently burned by the defendant, they cannot find for the plaintiff.

"Refused. A. B. Foster, Judge."

[12] The charge was calculated to mislead the jury in that it was susceptible of the construction that the defendant must have personally burned or destroyed the property of the plaintiff in order to authorize the jury to find a verdict for the plaintiff. If the jury should have found the conspiracy to burn property, and the defendant was one of the conspirators, then he would be liable if one of his coconspirators burned it in furtherance and in consummation of the conspiracy.

[13] Moreover, the charge is susceptible of the construction that before the jury could find for the plaintiff they must be reasonably

satisfied from the evidence that the defendant willfully, intentionally, and negligently burned or destroyed property of the plaintiff; in other words, if the jury had reasonable doubt that the defendant destroyed the property either willfully, intentionally, or negligently, they must find for the defendant. This is not the law. If the jury was reasonably satisfied that the defendant willfully destroyed the property of the plaintiff, they should return a verdict for the plaintiff, although they were not reasonably satisfied that he negligently destroyed it.

[14] We are not willing to hold that the court should have granted the defendant's motion for a new trial. As before stated, there was evidence sufficient to support the verdict of the jury, and we are not willing to disturb their findings. The mere fact that one of the jurors, while serving on the jury, boarded with one of the plaintiff's witnesses, who was active in behalf of the plaintiff during the trial, was not sufficient grounds for setting aside the verdict. There was nothing to connect the plaintiff with the conversations between the juror and the witness or with the fact that the juror boarded with the witness. In fact, there was nothing to show that the conversation between the two probably influenced the verdict of the jury.

Finding no error in the record, it results that the judgment will be affirmed.

Affirmed.