(114 So. 69)

**JONES v. STATE.** (7 Div. 308.)

Court of Appeals of Alabama. June 21, 1927.

Rehearing Denied Aug. 2, 1927.

174

Longshore & Longshore, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. The defendant was indicted jointly with another on a charge of burglary. The defendant is alone on trial.

■ The place burglarized was the storehouse of Marion Smith. The burglary was at night and was discovered early the next morning. In describing the locus in quo at the time of the discovery of the crime, the witness Smith was permitted to include in this description a five-gallon can used by him for hauling gasoline, and the place where he found it, which he stated was 30 or 40 yards from the mill or storehouse and had the smell of gasoline on it; that there were men's tracks at the can made by a No. 7 or 8 shoe; that these tracks were walking to and from the building; that there were automobile tracks near the can. These facts were all a part of the locus in quo and as such are relevant to the inquiry. Aplin v. State, 19 Ala. App. 604, 99 So. 734.

■■ It was also admissible to prove that the defendant and his codefendant were at the storehouse on Saturday before the burglary the next week, and the fact that at the time they were in the company of another would not render the testimony illegal. The presence of the third party was relevant as tending to identify the time.

■ A proper predicate having been proven, the court properly admitted testimony of a confession made by defendant.

The three excerpts from the court's oral charge, when taken and considered in connection with the entire charge of the court, were free from error.

■■ Refused charges 1, 2, 3, and 4 are bad in this case, as each of said charges pretermits a consideration of evidence tending to prove that defendant aided and abetted the other defendant in the commission of the crime, and refused charge 5 is not predicated on a consideration of the whole evidence.

There is no error in the record, and the judgment is affirmed.

Affirmed.