44 So.2d 250

SMITH v. STATE.

5 Div. 473.

Supreme Court of Alabama.

Feb. 9, 1950.

278

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

Walker & Walker and R. C. Smith, of Opelika, for appellant.

SIMPSON, Justice.

This is the second appeal in this case.

The question is whether the appellant (defendant) is entitled to be discharged

from further prosecution on the pending indictment.

The indictment charged him with the statutory offense of having carnal knowledge of a girl under the age of twelve years. Code 1940, Title 14, § 398. On a trial under this indictment no verdict was returned as regards that charge, but he was convicted of assault with intent to rape. The court received the verdict, the jury was discharged without the consent of the defendant and, after sentence, an appeal was taken from the judgment of conviction.

The holding on appeal was that the verdict was invalid, that the statutory offense of carnal knowledge did not embrace assault with intent to rape as a lesser offense, and a reversal was ordered. That was the first appeal. Smith v. State, 34 Ala.App. 45, 38 So.2d 341, *certiorari denied,* 251 Ala. 559, 38 So.2d 347.

■ Without doubt, since the indictment was for carnal knowledge and no verdict was returned on that indictment, but to the contrary, one for some other offense was rendered and the jury discharged, the necessary intendment of the finding was that the defendant was not guilty of the offense charged.

The import of such a verdict was to put the defendant in jeopardy should he again be called on to defend against that indictment or in fact any other indictment for the same offense, to wit, carnal knowledge.

"The legal effect of that verdict of acquittal * * * whether any judgment was rendered on it or not, was to put the alleged * * * [offense] as completely out of the indictment and case, as if it had never been in the indictment or case. * *

"That which acquits defendants * * * is not the void verdict, but the discharge of the jury, charged with the trial of defendants * * * without necessity and without * * * consent. The void verdict had no effect. The jury should have been instructed to have returned to their deliberations. As the jury was not so instructed, but was discharged without a verdict on the only charge by law it was authorized to consider, and without consent of defendants, that dispersion of the jury operated

an acquittal. * * *" Bell and Murray v. State, 48 Ala. 684, 695, 697, 17 Am.Rep. 40. Cook v. State, 60 Ala. 39, 31 Am.Rep. 31; Jackson v. State, 102 Ala. 76, 15 So. 351. See, also, Powell v. State, Ala.Sup., 42 So.2d 693, 694(3).

This principle seems to be conceded. But a different question has arisen by reason of the fact that on the first appeal a reversal was also rested on the error in the ruling of the trial court in sustaining the State's demurrer to the defendant's plea that the grand jury which found the indictment was not drawn in accordance with law. After remandment on that reversal, when the defendant was arraigned on this same indictment, the court, over objection of the defendant, permitted the State to confess this old plea in abatement, though the defendant sought to withdraw it, granted the State's motion to quash the indictment, and ordered the defendant held to await the action of the next grand jury. It is from this last judgment the instant appeal has proceeded.

The theory of the ruling of the trial court in holding the defendant seems to have been that, since the defendant's plea asserted the invalidity of the indictment because not returned by a grand jury impaneled in accordance with law and the State's demurrer thereto confessed the truth of the allegations, the proceedings had on the indictment and the final judgment were void, thus entitling the State to have the defendant held to await the action of the same or next session of the grand jury in accordance with §§ 258 and 286, Title 15, Code.

■ Express disapproval, however, of such a theory has heretofore been pronounced by this court. The acquittal of the defendant of the offense charged operated as a bar to further prosecution, notwithstanding such conviction was reversed for error committed on trial in ruling on the plea in abatement. Ex parte Spivey, 175 Ala. 43, 57 So. 491.

The following statement of principle from the Spivey case is conclusive of the question:

"While it is true that in this case no issue was taken upon the facts alleged in the

plea, yet the defendants asserted the truth of those facts, the state, by demurring to the plea, confessed the truth of the allegations, and this court reversed the case, holding that the facts alleged, if true, established the insufficiency of the indictment, and, as a result, the judgment of conviction against the petitioners has been annulled. * * *

"* * * The court does 'not doubt that, if an acquittal is obtained, because of the insufficiency of an indictment—and it may be insufficient, because found by a grand jury irregularly impaneled—that the judgment will not bar a subsequent prosecution.' But, * * * 'we are considering a different case—a judgment of acquittal, rendered upon a full hearing of evidence before a jury, in the record of which errors intervened, which did not enter into or affect that judgment; errors which, not affecting it, were thereafter incapable of correction, and into which no inquiry could be made. * * *'

"* * * it cannot be said that the judgment of *acquittal* * * * in the present case, was based on the informality in the organization of the grand jury, although the judgment of conviction was subject to reversal by reason of said informality. The statute provides for holding the defendant to answer another indictment for the same offense only when *judgment is arrested, or indictment quashed,* on account of defects therein, or because not found by a grand jury regularly organized, etc. Code, 1907, § 7160 [§ 258, Title 15, Code 1940]. The indictment was not quashed in this case, but the defendants were put to trial on the facts, and the jury acquitted them * * *, not on account of the defect in the indictment, but on the merits of the case; so that, in addition to the technical reasons, the spirit of the law is complied with by the expression of a jury on their guilt or innocence of the crime * * *." Ex parte Spivey et al., 175 Ala. 43, 45, 47, 48, 57 So. 491.

See also Kohlheimer v. State, 39 Miss. 548, 77 Am.Dec. 689; Hurt v. State, 25 Miss. 378, 59 Am.Dec. 225.

■ This well-considered authority is conclusive of the question. The defendant cannot again be put in jeopardy as to the crime charged and was entitled to be discharged on the entering of the order granting the State's motion to quash the indictment.

We are, however, beset with a procedural question not easy of solution. The law here seems to contain casuistries. The defendant, in addition to appealing from the judgment of the court, prayed for an alternative writ of mandamus and "such other and additional appropriate writ to the end that the court would direct a discharge of said Curtis Smith as upon a final trial and acquittal on the issues joined in the indictment in said cause."

That procedure seems to have been followed without question in Grogan v. State, 44 Ala. 2, the point not having been raised. The matter, however, is jurisdictional and it is our duty to notice it. We do not regard the Grogan case as a sound holding and would prefer not to use it as authority.

■ The court entertains the view that an appeal will not lie from such an order, since "it is only from a judgment of conviction that an appeal is authorized under the statute." Criminal Code 1896, § 4313; Vick v. State, 156 Ala. 699, 46 So. 566; Mayers v. State, 147 Ala. 687, 40 So. 658. The underlying principle of such ruling seems to be that the statute, now § 367, Title 15, Code 1940, only provides for appeal in case of conviction and appeals are purely statutory.

■ Doubt is entertained that mandamus is the proper remedy to review the action of the court, in view of the holding in Ex parte Graves, 61 Ala. 381, to the effect that mandamus is not the proper remedy to compel a court or magistrate to discharge a person alleged to be improperly detained on order of the court to await the action of the grand jury on a nol. pros. or quashing of a pending indictment.

Under the circumstances prevailing, the defendant certainly should have a remedy to invoke his discharge and the court is of the opinion that the common law writ of error is the appropriate remedy. While it was held in Willingham v. State, 14 Ala. 539, that writ of error will not lie to review a judgment of nol. pros. and holding the defendant to await the preferment of the

new indictment, that case was one where the defendant was lawfully ordered to be held on a quashing of the indictment because of a variance between allegations and proof, the court acting in accordance with the statute in such cases. The present case is different; the defendant has been acquitted on the pending charge.

The error prevailing is apparent of record and the universal practice has been that the writ of error is available in such a case, by which a party aggrieved by the judgment of an inferior jurisdiction could introduce the cause of action into a superior tribunal having jurisdiction to revise the judgment. Ex parte Knight, 61 Ala. 482; Code 1940, Title 15, § 383. While there seems to be some confusion in the decisions, the court in consultation has concluded that the law should be settled to the effect that in such a case the appropriate remedy for review is by writ of error.

The petitioner has prayed for other appropriate writ, which includes the writ of error. Such a writ is ordered, but in view of the certified record now before the court, we will treat it as a return to the writ and review it upon that basis.

It results from these considerations that the judgment of the trial court ordering petitioner held under bail to await another indictment is reversed and defendant ordered discharged from liability on his bail bond given pursuant to said order.

Appeal dismissed, writ of error granted, defendant discharged.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.