55 So.2d 208

## SMITH v. STATE.

### 5 Div. 525.

Supreme Court of Alabama.

Nov. 23, 1951.

J. A. Walker, Jacob Walker, Jr., and Walker & Walker, Opelika, for petitioner.

STAKELY, Justice.

It is argued on petition for certiorari that the opinion of the Court of Appeals is contrary to the decision of this court in this same case. Referring to Smith v. State, 34 Ala.App. 45, 38 So.2d 341, the holding was to the effect that the plea in abatement taken to be true on demurrer, shows that the indictment was subject to the grounds of demurrer raising the point that the grand jury which found the indictment was not drawn in the presence of the officers, as required by law, thereby subjecting the indictment to be invalidated. In Smith v. State, 253 Ala. 277, 44 So.2d 250, on the authority of Ex parte Spivey, 175 Ala. 43, 57 So. 491, it was held by this court that the defendant could not again be put in jeopardy on an indictment for carnal knowledge. Under the Spivey case, supra, if an indictment is returned by a grand jury not drawn in accordance with law, the judgment on that indictment is not avoided but remains in full force until avoided in a proper manner either on motion in arrest of judgment or reversal on appeal. Berry v. State, 65 Ala. 117.

In Smith v. State, 253 Ala. 277, 44 So.2d 250, 252, it was held by this court that the verdict and judgment after trial on the indictment, which might be held invalid, is not referable to defects in the organization of the grand jury, since the indictment was not quashed, but that defendant was put on trial on the facts "and the jury acquitted [him] * * *, not on account of the defect in the indictment, but on the merits of the case." It was concluded that former jeopardy as regards to trial on the indictment would be good.

We consider that the real question now before the court is whether or not the defendant who is tried on a valid indictment for carnal knowledge and the jury convicts him under the charge of the court of assault with intent to rape, can later be put on trial for assault with intent to rape? We do not think that the case at bar presents a situation where former jeopardy is presented.

The test to ascertain former jeopardy is whether the facts alleged in the indictment for the latter offense, if proved

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., opposed.

to be true, would warrant a conviction on the first indictment. Foster v. State, 39 Ala. 229, 233; Gordon v. State, 71 Ala. 315. In order to prove the defendant guilty of carnal knowledge or abuse in the attempt to have carnal knowledge of a girl under twelve years of age—the offense for which defendant was first indicted—it is necessary for the state to prove, among other things, the age of the child and physical abuse to the genital organs. Hutto v. State, 169 Ala. 19, 53 So. 809; Dawkins v. State, 58 Ala. 376. In the case of Montgomery v. State, 28 Ala.App. 442, 186 So. 589, 591, it was said: "To sustain a conviction in this case, there must be an attempt to carnally know the child and an injury to its private parts, and these things must be proven beyond a reasonable doubt."

■ Under an indictment for assault with intent to ravish (the indictment in the present case), there is no requirement of proof of physical abuse to the genital organs and the age of the female is immaterial.

In the case of Hall v. State, 134 Ala. 90, 32 So. 750, the defendant was first tried for rape and acquitted, and then for seduction. The court held that former jeopardy was not available as a proper plea of defendant under the general rule of former jeopardy. The principle here under consideration was illustrated in Hanson v. State, 27 Ala.App. 147, 168 So. 698, certiorari denied 232 Ala. 585, 168 So. 700, 701. In that case it was said:

"It is also claimed that this defendant cannot be convicted on account of any conspiracy to manufacture whiskey, which the evidence may show in this record, since his guilt of murder was also dependent upon the same conspiracy, and his acquittal of murder was an acquittal of a charge of conspiracy to manufacture whiskey.

"But the contention, even if we should agree that the record presented it in the Court of Appeals, and here on review, loses sight of the principle that the judgment of acquittal is of a different offense as a whole, and not of each element of it, which may be also an element of some other offense. Neither offense includes the other,

though they have some common element. They also have some which are not in common. A judgment of acquittal on a trial for an offense is only conclusive that the offense was not committed, but not that each of its elements did not exist."

■ A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. Blevins v. State, 20 Ala.App. 229, 101 So. 478, certiorari denied Ex parte Blevins, 211 Ala. 615, 101 So. 482; Smith v. State, 34 Ala.App. 45, 38 So.2d 341, certiorari denied 251 Ala. 559, 38 So.2d 347.

■ There are analogies in relation to other offenses which throw light on the question here presented. For example, a defendant is not put twice in jeopardy by being first tried for embezzlement and subsequently for larceny based on the same set of facts, since the law is different. Brown v. State, 30 Ala.App. 27, 200 So. 630, 631. Where a defendant is indicted for burglary and found guilty of grand larceny, he is not only acquitted of burglary but the conviction of grand larceny is subject to reversal because he was not indicted for said offense and also he is not put twice in jeopardy when he is subsequently indicted for grand larceny. Bowen v. State, 106 Ala. 178, 17 So. 335. In the Bowen case, supra, the defendant was indicted for burglary and found guilty of grand larceny on said indictment. In the former proceeding against the defendant in the case at bar, he was indicted for carnal knowledge and found guilty of assault with intent to ravish. In the Bowen case, supra, the defendant was convicted of grand larceny and the court held that he was acquitted of burglary and though found guilty of grand larceny, this did not preclude a subsequent trial for grand larceny on a valid indictment. The court in the Bowen case held that the defendant was acquitted of burglary and in the instant case the defendant was acquitted of carnal knowledge. The court in the Bowen case held however that larceny and burglary are not the same in law even though both indictments are founded on the same facts and that former jeopardy was no defense to being indicted

subsequently and tried for grand larceny. The present case falls within the category of Bowen v. State, supra, because. it does not involve two offenses which are the same in law.

We accordingly do not think that there is any merit in the contention of former jeopardy.

Writ denied.

LIVINGSTON, C. J., and BROWN, LAWSON and SIMPSON, JJ., concur.