74 So.2d 620

### Bobbie DUNCAN v. STATE.

### 8 Div. 402.

Court of Appeals of Alabama.

Jan. 26, 1954.

Rehearing Denied Sept. 9, 1954.

Harry Strange, Russellville, for appellant.

Si Garrett, Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of reckless driving at a non-jury term of the Law and Equity Court of Franklin County.

After conviction the defendant made known to the court his desire to appeal from the judgment of conviction to the circuit court and moved the court to fix the amount of the appeal bond for his appearance in the circuit court. The order of the court reads: "And the said motion being considered by the Court, the Court is of the opinion that the said motion is not well taken as the statutes of Alabama and the law creating the Law and Equity Court does not provide for an appeal from judgments of conviction in the Law and Equity Court of this county to the Circuit Court in misdemeanor cases, as the Law and Equi-ty Court is a court of concurrent jurisdiction with the Circuit Court in misdemeanor cases and the Act creating the Law and Equity Court provides that the Court of Appeals and Supreme Court shall have supervisory appellate jurisdiction over the Law and Equity Court." The defendant duly excepted to the court's ruling.

The appeal to this court from the judgment of conviction was on the record proper without a transcript of the evidence, and the case was affirmed without an opinion.

On application for rehearing it is contended we are in error "in holding that an appeal could not be taken from the Law and Equity Court of Franklin County to the Circuit Court of Franklin County."

The statute authorizes an appeal only from the judgment of conviction. Title 15, § 367, Code 1940. Allen v. State, 141 Ala. 35, 37 So. 393; Smith v. State, 253 Ala. 277, 44 So.2d 250; Dawson v. State, ante, p. 16, 66 So.2d 567.

The proceedings in the court below, as shown by the record, appearing regular in all respects, and there being no error apparent, the judgment of conviction was duly ordered affirmed.

■■ Conceding (which we do not) that the court erred in refusing to permit appellant to appeal to the Circuit Court of Franklin County, it is clear that such order of the court is not before us for review. It is stated in 4 C.J.S., Appeal and Error, § 496, p. 963, "as a rule an appeal cannot be taken from an order refusing an appeal, but the legality of the action of the court should be tested by the appellate tribunal by means of a writ of mandamus". See also 3 C.J. p. 1101, Section 1132 and 3 C.J. p. 529, Section 362; 4 C.J.S., Appeal and Error, § 134.

Application Overruled.